```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 MELBIS HERNANDEZ,

                    Plaintiff,              MEMORANDUM & ORDER
                                             24-CV-4673 (EK)(LGD)

            -against-

 NASSAU COUNTY CORRECTIONAL CENTER,

                    Defendant.

--------------------------------------x
```
ERIC KOMITEE, United States District Judge:

  Plaintiff Melbis Hernandez brings this action pursuant to 42 U.S.C. § 1983 against the Nassau County Correctional Center, where he is currently detained.  He alleges that correctional officers at the facility assaulted him in violation of his Eighth Amendment rights.  He has not named any individual officers, even using pseudonyms, as defendants.  Hernandez's request to proceed *in forma pauperis* is granted.  For the reasons discussed below, the complaint is dismissed with leave to amend.

## I.  Background

  The following facts are drawn from the complaint. Hernandez alleges that while walking down a hallway inside Nassau County Correctional Center ("NCCC"), a correctional officer assaulted him.  Hernandez was returning to his room from a mental health evaluation.  Complaint at 4, ECF No. 1.  He

encountered a group of officers "hudled [sic] up or in a circle talking amongst themselves." *Id.*  Hernandez alleges that one officer approached him and "grabs me drops me to the floor and starts to choke me while on the floor I start to get hit in the head or punched in the head." *Id.*  The officer told him to "stop resisting when I wasn't" and "kept choking and starts macing me in my eyes and nose when I started to either faint or pass out." *Id.*  Hernandez "woke up 10 seconds later or five still getting choked," and was "brought to medical." *Id.*  Hernandez does not specify the relief he seeks. *See id.* at 5.

## II.  Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]  At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010).  But the Court need not accept "legal conclusions" as true. *Iqbal,* 556 U.S. at 678.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

A *pro se* complaint like Hernandez's is to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

In addition, a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).

### III. Discussion

"It is well established that [] the Nassau County Correction Center" is not a "suable entity." *Gleeson v. Cnty. Of Nassau*, No. 15-CV-6487, 2019 WL 4754326, at *14 (E.D.N.Y. Sept. 30, 2019). Rather, it is an administrative arm of the County of Nassau, and thus lacks the capacity to be sued as a separate entity. *E.g.*, *Hawkins v. Nassau Cnty. Corr. Facility*, 781 F. Supp. 2d 107, 109 (E.D.N.Y. 2011). Hernandez's claim against NCCC is therefore dismissed.

Furthermore, under Section 1983 a plaintiff must allege the direct or personal involvement of each of the named

3

defendants in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010). Here, Hernandez does not name an individual defendant — only the NCCC.

Even construed as against Nassau County itself, Hernandez has failed to state a claim that would support the imposition of municipal liability. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979). To sustain a claim under Section 1983 against a municipal defendant like Nassau County, a plaintiff must allege the existence of an official policy or custom, as well as a causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 692 (1978); *see also Morgan v. Cnty. of Nassau*, 720 F. Supp. 3d 229, 241 (E.D.N.Y. 2010). Here, Hernandez does not allege the existence of such a policy or custom, nor does he allege any facts from which the Court may infer that the conduct of which he complains was caused by a policy or custom of the County. Accordingly, the complaint does not state a claim for *Monell* liability pursuant to 42 U.S.C. § 1983 against Nassau County.

Finally, Hernandez invokes the Eighth Amendment but his complaint does not indicate whether he is incarcerated pursuant to a criminal conviction and sentence, or detained pending trial. "[T]he Eighth Amendment's protection does not apply until after conviction and sentencing." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (citing *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989). Instead, "the right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment." *Walsh*, 194 F.3d at 47 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

### IV. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Accordingly, the Court grants Hernandez thirty days to amend his complaint if he can, in good faith, allege facts sufficient to overcome the deficiencies identified above. The amended complaint must expressly request relief that this Court can grant (whether an injunction, money damages, or otherwise). If the plaintiff elects to file an amended complaint, it must be captioned ""Amended Complaint" and must include the same docket number as this Order: 24-CV-4673. Any such amended complaint

5

will *completely replace* the complaint filed before it, rather than supplementing it, so it must contain all factual assertions the plaintiff deems relevant.

## V.  Conclusion

Hernandez's claim against NCCC is dismissed pursuant to 28 U.S.C. § 1915.  He is granted thirty days from the date of this Order to file an amended complaint against a proper defendant, as detailed above.

No summons shall issue at this time.  If the plaintiff fails to file an amended complaint within thirty days or show good cause as to why he cannot comply with the deadline, judgment dismissing this action shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail Hernandez a prisoner civil rights complaint form, along with a copy of this Order, and to note the mailing on the docket.

SO ORDERED.

                                                         /s/ Eric Komitee
                                                         ERIC KOMITEE
                                                         United States District Judge

Dated:     September 16, 2024
             Brooklyn, New York

7